Jackson, J.
The four defendants having pleaded and the justification relied on not being the same in all the pleas, it is necessary to consider them separately.
The defendant, Shed, pleads that he was a deputy sheriff, and by virtue of an original writ of attachment against the plaintiff, Oystead, which was delivered to him, he entered Oystead’s house, “ the outer door being open,” and attached a sideboard, which he found there, and afterwards duly returned the writ, &c., and as to all the residue of the trespass he pleads not guilty. The plaintiff, in replying to this justification, protests that there was no such writ sued out and *442 delivered to Shed, nor served nor returned by him ; and says, that Shed, of his own wrong, and without the residue of the cause alleged by him, broke and entered the house, &c., and took the plaintiff’s necessary wearing apparel, gun, books, and papers, &c., all which are by law exempted from attachment ; and the replication concludes to the country. The defendant demurs specially, and assigns two causes of demurrer.
The first cause, namely, that the replication attempts to put in issue to the jury matter of record, seems not to be well founded ; as the plaintiff- intended to admit every fact of that description by his protestation, which is substituted for the expression, “ well and true it is,” and is considered equivalent to it. It is, therefore, admitted that such a writ was duly issued, served, and returned by the officer; and the replication puts in issue only the residue of the justification.
The second cause of demurrer, [namely, that the replication contains new matter, not alleged in the declaration, to wit, that the goods were exempt from attachment, and does not conclude with an averment, &c.] seems also insufficient; because the new matter [*508] supposed to be introduced is mere * surplusage, and not traversable. If the exemption from attachment, relied on by the plaintiff, were founded in the common law, it would be only a legal inference, not an averment of a fact. If founded on the statute of 1S05, c. 100, the averment would be equally immaterial and inoperative ; as the plaintiff, in that case, should have averred the facts necessary to bring it within the statute ; such as the nature of the articles taken, the value of the furniture, if any, left in the house and not attached, and the number of persons composing the family. It may be added, that this part of the replication (which seems to have been copied inadvertently from the replication to one of the other pleas) has no relation whatever to Shed’s plea. He only justifies the taking of a sideboard ; and it is no answer to that plea, to say that the plaintiff’s wearing apparel and his books and papers are exempted from attachment. If Shed, in fact, took any thing not confessed in his plea, the plaintiff may prove it under the issue joined between them as to the residue of the trespass.
But we are satisfied that the replication is bad in substance. It admits that the writ was issued, as alleged by Shed, and was served and returned by him, and then traverses the rest of the justification. But there is no material fact left to be the subject of this traverse. The whole substance of the plea is admitted to be true. If the authority, under which the defendant acted, did not justify what he confesses that he did under it, the justification would be insufficient in law, and. there would be no occasion for any traverse. If the justification, as set-forth by the defendant, were true in fact, and sufficient in law, but the defendant had afterwards conducted so as to become *443 a trespasser ab initia ; the particulars of such conduct should have been replied specially.(1)
It was said that the plaintiff, by this traverse, intended to deny that the outer door of the house was open, as suggested in the plea. But this suggestion cannot be considered as an averment of a material fact by the defendant. It seems *to re- [*509] semble the averment in the case in 1 Vent. 217, that the escape set forth in the declaration was voluntary, or that in 3 Wils. 20, that the defendant, after taking the plaintiff’s goods, had converted them to his own use ; both which averments were considered immaterial in the declaration, where they were introduced, and as proper to come in by way of replication, if the plea were such as to render them necessary. So here the justification, without averring that the outer door was open, is prima, facie good.
In a plea in bar, certainty to a common intent is sufficient ; and the defendant need not go on to negative all the possible circumstances, which might render his defence bad, or his justification insufficient. In Sayer vs. the Earl of Rochford,(2) the defendant pleaded in justification a warrant against the plaintiff, and a commitment after examination, for treasonable practices. The plaintiff replied, de injuria sua proprio, absque tali causa; and under this issue attempted to give in evidence a tender and refusal of bail. But this evidence was rejected ; as it ought to have been specially replied. The plea was not thought defective for not averring that no bail was tendered, or negativing a refusal to receive it. If, therefore, such averment had been made, it would have been immaterial; and, therefore, whether such averment were inserted or not, the plaintiff, if he relied on the point, should have replied specially, that he tendered bail which was refused. So here, as the plaintiff admits that the justification, as pleaded, is generally true ; if he could prove that the defendant broke open the outer door, and relied upon that as rendering the whole proceeding tortious, he should have averred the fact distinctly in his replication.
It follows that the defendant, S/ied, is entitled to judgment upon this demurrer.
The defendant, Fletcher, pleads that he was a constable, and that by virtue of another original writ of attachment against Oystead, delivered to him to be served, he entered Oystead's house, (“ the outer door being open ”) and attached “ the wearing apparel of the plaintiff, and also the gun *and bayonet, and [*510] books, and certain papers of the plaintiff, namely, a quantity of papers in a fruit-basket, part of the goods in the said *444 declaration mentioned ” ; and that he afterwards duly returned the writ ; and, as to all the residue of the trespass, he pleads not guilty. The replication is like that made to Shed’s plea ; and there is a like demurrer to the replication.
This replication is manifestly bad, for the reasons before given. But the plaintiff contends that Fletcher’s plea is also materially defective, because the authority therein set forth does not warrant or justify the proceedings of the defendant confessed in his plea ; and because it is uncertain also, in not specifying which, and how many, of the papers described in the declaration are admitted to have been taken.
If the plea is insufficient as to part, if any of the acts therein confessed are not justified, it must be adjuged bad in the whole. It is very clear that the defendant was not authorized, by virtue of the writ, to attach the private papers of the plaintiff, which are specified in the declaration. They are not goods and chattels, which could be sold on execution. The same remark applies to the books, if we are to understand them to be the plaintiff’s account-books. But they are not very clearly described, either in the declaration or plea. If it be said, that the defendant does not confess the taking of all the same papers,'which are described in the declaration ; the question return» of what description were the papers which he did take ? And the plea would be bad for uncertainty, in not precisely specifying them. It appears from his plea, that Fletcher had the papers for a long time in his hands, and made return of them as attached on the writ. It was, therefore, in his power to have described them in his plea.
In either view, therefore, the plea is bad. If it confesses the takng of the papers specified in the declaration, the justification fails ; because those papers could not be lawfully attached. If, on the other hand, the defendant intended to justify the taking of any [*511] other kind of papers, such as he * might lawfully attach ; he should have specified them in his plea.
The other two defendants, B. Varnum and W. Varnum, in their respective pleas, confess that they entered the house, and took all the same articles which are specified in Fletcher’s plea ; and justify as acting by the command of Fletcher, and as his assistants in the service of the writ. The pleas are, in all other respects, like Fletcher’s ; and there is a like replication and demurrer.
It has been argued for these two defendants, that they are not answerable for any misconduct of Fletcher ; and that, even if he exceeded his authority and was a trespasser, yet their justification is sufficient.
If a stranger comes in aid of an officer in executing legal process, and the officer afterwards omits to return the writ, or by any other subsequent abuse of his authority becomes a trespasser ab initia, this *445 shall not prejudice the stranger, nor make a trespasser. The same principle applies to bailiffs, who serve a writ by virtue of a precept from the sheriff. If such a writ be not duly returned by the sheriff, he is a trespasser, but the bailiff is not punishable.(3) But, where the original act of the officer is unlawful in itself, any stranger who aids him in it will be liable to the party injured, although he act by the officer’s command. Suppose the officer in this case had proceeded, without necessity or provocation, to beat and wound ffie plaintiff or his family, it is very clear that these two defendants would not be justified in aiding him in such wanton abuse. The conduct of jFletcher, which is confessed and attempted to be justified in these pleadings, is not less contrary to his duty, than that in the case here supposed. The only difference is, that in the case at bar the illegality of his proceedings was not so obvious ; and these two defendants may be supposed to have been ignorant of the law in this respect. But this, if true, would not excuse their conduct, nor diminish in any degree the injury which the plaintiff sustained. „
In the case of Leonard vs. Stacy & al.,(4) one of the defendants pleaded in justification of a trespass, that the * [*512] goods were taken by an officer by virtue of a writ of replevin, and that he assisted the officer. The plaintiff replied, that, before the goods were taken away, he claimed property in them, and gave notice thereof to the defendant; and the fact being so found by the jury, the plaintiff had judgment. There the fault was the taking away the goods, after such a claim of property, without a writ de proprietate probanda ; and no question was made, whether the defendant was acquainted with the course prescribed by law in such a case. It was considered, that, as the act of the officer was unlawful, all concerned with him in that act were liable to the action of the party aggrieved. We are, therefore, satisfied, upon this authority, as well as on the reason of the thing, that the pleas of these two defendants are bad.
These two defendants, and the defendant, Fletcher, then contend that the declaration is materially defective ; and this has been argued, also, upon a motion in arrest of judgment, as to that part of the declaration which remains unanswered by these three pleas, and as to which the plaintiff has obtained a verdict.
The declaration, as originally drawn, was unquestionably defective for want of precision and certainty in the description of some of the goods which were alleged to have been taken. Among the goods there mentioned, we find "other necessary articles of the value of fifteen dollars,” also "documents and receipts to prove the plain* *446 tiff’s claim for twelve hundred dollars due from the British government,”— “ sundry notes of hand and accounts in five books,” — “ and other papers of the plaintiff,” also “ sundry powers of attorney of the plaintiff.”
It appears, that, when the cause came on for trial on the issues in fact, these defects, or some of them, were discovered ; and the plaintiff had leave to amend by striking out some of these clauses, upon consenting to a continuance of the cause. On examining the clerk’s docket, only two of the clauses before recited, namely, the first and the last, appear to have been stricken out. The plainly *513] tiff’s counsel suggests *that this must have arisen from some accident or inadvertence on his part ; as he was undoubtedly permitted, and must have intended, to strike out all the clauses that were liable to the same objection. This is not admitted on the other side ; and, as we cannot now ascertain the fact, we must consider the declaration as containing all the clauses, except the two referred to. In this view, it is still materially defective.
In Williams's note to the case of Taylor vs. Wells,(5) cited for the plaintiff, there are many cases collected to show how little of certainty is required in such a declaration ; but none of those cases go so far as the present. They all specify clearly and precisely the article taken. They leave no doubt as to the nature and kind of the goods in question, although some of them omit the quality and the precise quantity of the goods ; such as “ two pieces of cloth,” “ a parcel of thread,” “ divers quantities of earthern ware, China ware, and linen.”
If this question had occurred on a demurrer to the whole declaration, the plaintiff might have remitted his damages for all the articles insufficiently described, and have taken judgment for the residue.(6) But, in the present state of the record, this cannot be done ; because the plaintiff has already had a verdict against each of the defendants upon the general issue. If, however, the plaintiff has a meritorious case (which perhaps we ought to presume, after a general verdict in his favor), we may, at his motion, and upon proper terms as to costs, set aside the verdict and grant a new trial ; and then permit the plaintiff to strike out all the objectionable parts of the declaration.†
Upon the record, as it now stands, our opinion is, that the declaration is bad ; and the entry, of course, would be, that the plaintiff’s replications are bad and insufficient in law, and that the judgment on the verdict be arrested.
But we shall suspend this order, until it be decided, whether the verdict shall be set aside.

 3 WilS. 20. — 3 D. & E. 292. -1 Vent. 217. — 1 Salk. 221.

 1 W. Black. 1165.

 2 Roll. Abr., 562, pl. 14, 16. — Cro. Car. 446. — Cro. Eliz. 181.

 6 Mod Rep. 68, 149.

 1 Saund. 74.

 2 Saund 379. — 1 Salk. 218. — Cro. Jac. 104

 Williams vs. The Hingham and Quincy Bridge and Turnpike Corporation, 4 Pick 311. — Stanwood vs. Scovill, 4 Pick. 422.