## COBURN *vs.* HOPKINS.

The general replication *de injuria*, &c. is bad where a defendant *justifies* or *insists on a right* as a justification, and is good only where he pleads *matter of excuse ;* in such a case, the defendant is bound to traverse the right.
Alleging the accidental loss of the process under which the party justifies does not turn the defence into matter of excuse instead of justification.

DEMURRER to replication. The declaration contained two counts for an assault, battery and false imprisonment. The defendant pleaded a special justification to each count, alleging the existence of a debt due and owing by the plain-

NEW-YORK, tiff to the defendant, the due issuing of a *warrant* by a justice
May, 1830. of the peace for the collection of the same, and the arrest of
Coburn the present plaintiff by virtue of the same ; which was alleged
v. to be the same assault and imprisonment complained of.    The
Hopkins. pleas also stated a variety of circumstances attending the ar-
rest in answer to allegations set forth in the declaration by
way of aggravation.    In the first plea was an averment of
the accidental loss of the warrant by the officer after the ar-
rest and previous to its being returned to the justice.    The
plaintiff replied *de injuria sua propria absque tali causa* to each
plea.    The defendant demurred specially, and the plaintiff
joined in demurrer.

*V. Birdseye*, for defendant.

*Thomas & Shankland*, for plaintiff.

*By the Court*, SUTHERLAND. J.    The pleas in this case ev-
idently intend to *justify* the arrest, &c. of the plaintiff under
the warrant stated in the pleas, and not to set them up mere-
ly by way of *excuse*.    Every thing is stated in the pleas which
was requisite to authorize the issuing of the warrant, and to
justify the arrest and detention of the defendant by virtue
thereof.

The general replication *de injuria sua propria absque tali
causa* is bad where the defendant *justifies* or *insists on a right*,
and is good only where he pleads *matter of excuse*.    (Cro-
gate's case, 8 Coke, 66.    Willes, 54.    1 Bos. & Pul. 76.
Com. Dig. Plead. F, 18 to 20.)    And this rule is not confin-
ed to cases where the plea sets up *matter of record* as well as
matter of fact, and where the general replication would put,
in issue to the jury the matter of record as well as the matter
of fact.    Ch. J. Kent in *Lytle* v. *Lee & Ruggles*, (5 Johns. R.
114,) does not consider this the true ground of the rule ; but
holds such a replication to be bad wherever the plea insists
upon a full and adequate right or justification.    In such a
case, the plaintiff is bound to traverse his right.    (Hob. 244.
Holt. 20.    1 Chitty's Pl. 581.    12 Johns. R. 491.    *Allen* v.
*Crofoot*, 7 Cowen, 46, and *Griswold* v. *Sedgwick*, 1 Wendell,
130, *where all the cases are collected*.)    The *excuse* stated in

the plea for not producing the warrant does not affect the justification which the warrant afforded. The defendant perhaps was *prima facie* bound to aver or shew that the warrant had been duly returned or presented to the magistrate; to excuse himself from that averment, he alleges that it was casually lost by the officer to whom it was delivered, but after the plaintiff's arrest. This excuse for not producing the warrant does not turn the defence into matter of excuse instead of justification.

The pleas are substantially good, though perhaps they would not stand the test of a special demurrer.

Judgment for defendant on demurrer to plaintiff's replication, with leave to plaintiff to amend on payment of costs.