By the Court, Bronson, J.
A distinction was taken in Crogate’s case, (8 Co. 132,") between a justification under legal process from a court of record, and from a court not of record. Although both justifications were equally good, yet, in the former case, the general replication de injuria was deemed bad, but in the latter it was said to be good. This distinction seems still to be regarded as a solid one in Westminster Hall, as appears by the recent decision of the K. B. in Selby v. Bardons, (3 Barn, & Ald. 2.) It was there held, by Parke and Patteson, Js., against the-opinion of Lord Tenterden, that to an avowry in replevin, under a warrant of two justices of the peace for a poor rate, the plaintiff might plead in bar de injuria generally. It is unnecessary to inquire whether this be good law in England. It is enough that it is not law in this state. In Coburn v. Hopkins, (4 Wend. 577,) the defendant justified under a warrant issued by a justice of the peace, and the general doctrine was applied, that as the defendant set up a right, and not mere matter of .excuse, the general replication de *80 injuria could not be supported. If the plaintiff had replied de injuria generally, the replication would undoubtedly have been bad. But the plaintiff has not attempted to put the whole matter of the plea in issue. He has protested, that is, admitted, the warrant, the delivery of it to the constable to be executed, and the endorsement of the process by the justice in Dutchess; and then replied, de injuria sua,propria absque residuo causee. The distinction upon which the pleader has acted, in drawing this replication, was hinted at in Crogate’s case ; and it was plainly laid down by Denison, J. in Robinson v. Rayley, (1 Burr. 320.) He says, the replication de injuria, <fcc. will do in all cases where matter of title, and other things of that kind, are not included in the absque tali causa; and if you admit them, you may then plead, de injuria sua propria absque residuo causse—traversing that residue. This form of replying is approved by Mr. Chitty. He says, the plaintiff must either deny the title, easement, warrant, &c. in particular; or admitting those matters, must reply that the defendant of his own wrong, and without the residue of the cause alleged, committed the injury. (1 Chit. PI. 640, 1, 649, 7th Am. ed.) In the third volume, (p. 1204,) he has given a precedent for this replication. If the traverse does not include too much, I see no reason why it may not be in this form, as well as by a more direct denial of the matter intended to be put in issue.
The replication is not subject to the objection, that it puts several matters in issue. As to the force of such an objection, when true in point of fact, see the last resolution in Crogate’s case, (8 Co. 132;) Per Willes, C. J. in Cockerill v. Armstrong, and in Bell v. Wardell, (Willes’ R. 99, 202;) Selby v. Bardons, (3 Barn. & Ald. 2, per Patteson, J.) In this case, I do not see that the plaintiff has put in issue more than a single fact. He says, in answer to the justification, true it is, the warrant issued, was delivered to the officer, and duly endorsed; but still, the defendant did the wrong complained of, without the residue of the cause alleged in the plea. This traverse covers nothing but the allegation, that the arrest and imprison *81 ment were by virtue of the warrant. The plaintiff admits that there was legal authority to arrest, but denies that the arrest was made by virtue of that authority. Such an issue is not subject to the objection, that it involves a multitude of , matters.
The traverse is not open to the óbjection, that it is taken to a mere conclusion of law. The allegation, virtute cujus, in pleading, is sometimes an inference of law upon the facts previously stated; and then there could be no traverse; for that would be to withdraw the law from the court, and refer it to the jury. But, virtute cujus, sometimes includes both law and fact, and then it may be traversed. (1 Saund. 23, n. (5). 1 Chit. Pl. 645. Lucas v. Nockells, 4 Bing. 729. 2 Young. & Jerv. 304, S. C.) In the case at bar, the plea does not first set up certain facts in justification, and then conclude, by virtue whereof the arrest was legal. That would be an inference of mere law. But after stating the warrant, endorsement, &c., the pleader adds, that the arrest was made by virtue of the process. That is the point to which,the traverse goes. The plaintiff says, true, you had the warrant,- but you did not use it—the arrest was not made by virtue of it. If there be some matter of law included in the traverse, there is also some matter of fact; and I think the replication is not chargeable with the fault of referring to the jury, that which properly belongs to the court.
But although the replication may be upheld on demurrer., I cannot but think there is a fault in it which the plaintiff will discover on the trial. He has not-new assigned, as the plaintiff did in Lucas v. Nockells, (4 Bing. 729.) Nor does he set up any abuse of the authority, nor allege that the trespass of which he complains, is a different one from that which the defendant has justified, When he comes to the trial, if the demurrer is withdrawn, the plaintiff will find that it stands admitted oh the record, that the officer who made the arrest had in his hands sufficient legal process to justify the act; and the onus will then lie on the plaintiff to show that the arrest was not made by virtue of *82 the warrant: for who ever heard of calling on the officer to prove that he acted under the process which he had at the time in his pocket? The jury would be bound to find that the arrest was made by virtue of the warrant, if the fact was not disproved. And how can it be disproved, but by showing some Other affirmative fact? If the plaintiff intends to show that there was a different arrest from that which has been justified by the plea, that the act was done under color of some other pretended authority than the warrant in question, or the like, he will probably discover that there should have been a new assignment, or a replication setting up the particular matter upon which he intends to rely.
But it is sufficient, for the present, to pass upon the pleading, and we think the replication good.
Judgment for plaintiff.