## McADEN v. GIBSON.

1. A plea by a sheriff justifying the seizure of property under process of attach-ment must allege that the writ was·returnable, to what court, and that it was in fact returned. But it may, perhaps, be permissible to excuse a return by proper averments.
2. Where the replication or rejoinder, &c., contains matter which does not sup-port and fortify it, and which is consequently not pursuant to it, there is a de-parture in pleading, of·which the opposite party may avail himself on demurrer.
3. The defendant in an action of detinue pleaded the general issue, and several special pleas; to the latter pleas there were replications, rejoinders and sur-rejoin-ders the defendant demurred to the sur-rejoinders and his demurrers were sustain-ed; and the plaintiff declining to plead further, the court ordered a non-suit; *Held*, that the non-suit was irregular, and the plaintiff should have been allow-ed to submit his case to the jury on the general issue.

WRIT of Error to the Circuit Court of St. Clair.

This was an action of detinue, brought in the county court of St. Clair, by the plaintiff in error, against the defendant, for the recovery of several slaves, to wit: Dick, a man, Sophia and Jude, women, Bill, Lewis and Doctor, boys, and Liza, a girl. The defendant pleaded; first, *non detinet;* second, that he was sheriff of St. Clair county, and that in that character he levied on the slaves in question, under·an attachment at the suit of Thomas Alford, against the estate of the Mississippi and Alabama Rail Road Company, issued on the 19th October, 1840, by Shadrack Morris, a justice of the peace of that county, for the recovery of a debt, amounting to five hundred dollars, besides costs. It is averred that the slaves were the property of the Mississippi and Alabama Rail Road Company; and therefore the defendant justifies the levy on, and detention of them. *Third,* the defendant justifies the levy on, and detention of the slaves under an attachment is-sued by the same justice, on the 12th November, 1840, at the suit of Thomas Alford against the estate of the Mississippi and Ala-bama Rail Road Company, for the sum of three thousand two hundred and forty dollars, and avers that they were the property of that Company.

Issue was taken upon the first plea, and the plaintiff replied to the second and third, that he ought not to be precluded from recovering the property in his declaration mentioned, because it was not the property of the Mississippi and Alabama Rail Road Company, and that a demand had been made before a levy of the attachments specified in the defendant's pleas, to wit: on the twelfth of October, A. D. 1840. The defendant by way of rejoinder to these replications insisted that he should not be precluded, &c.; because on the 21st of September, 1840, two several attachments were issued by Shadrack Morris, a justice of the peace, &c., at the suit of Thomas Alford against the Mississippi and Alabama Rail Road Company, one for one thousand six hundred and forty dollars, the other for two thousand two hundred dollars, both of which were received by the defendant as sheriff, &c., on the 22d September, 1840, and levied on the slaves in question. And so he avers that he held them under these attachments, as he lawfully might, on the twelfth of October, 1840. The plaintiff moved the court to strike out this rejoinder, but his motion was overruled; thereupon he demurred, and his demurrer being overruled, he filed a sur-rejoinder, setting forth that the attachments mentioned in the rejoinder of the defendant, were pending and undetermined simultaneously with the attachments under which defendant justified in his second and third pleas. To this the defendant demurred, and the demurrer being sustained, the plaintiff refused to plead further. The court thereupon ordered that the plaintiff be non-suited, and a judgment was entered accordingly, that the defendant recover his costs, &c.

To revise this judgment a writ of error was prosecuted to the circuit court, where it was affirmed.

RICE, for the plaintiff in error argued—1. That the pleas of justification were had, because they do not show, that the attachments were returned or returnable. [Com. Dig. Plead. E. 17.]

2. The rejoinder is a departure from the pleas, and of course demurrable. [3 Chitty's Plead. 577, '8, Com. Dig. F. 7, H. 3.]

3. The non-suit was irregular and unauthorised. [Minor's Rep. 75; 3 Stew'ts Rep. 38; 1 Cow. Rep. 601.]

MOODY, for the defendant.

COLLIER, C. J.—1. It is insisted that the second and third pleas are bad, because they do not allege that the attachments under which the defendant justifies the detention of the slaves in question, were returnable, or in fact returned to any court. It has been held in many English cases, that an officer cannot justify under *mesne* process after the day appointed for the return, without showing that it was returned, although with respect to writs of execution the law is otherwise. [Hoe's case, 5 Co. Rep. 90; Freeman v. Blewitt, 1 Salk. Rep. 409; Rowland v. Veale, 1 Cowp. Rep. 18; Cheaseley v. Barnes, 10 East's Rep. 73, 82; Middleton v. Price, 1 Wilson's Rep. 17; Britton v. Cole, 1 Salk. Rep. 408; Girling's case, Cro. Car. 446. See also 2 Rolle's Ab. 562; pl. 14, 16; 1 Lord Raym's Rep. 632; 12 Mod. Rep. 394; Holt's Rep. 408.]

In Barnett v. White, et al. [3 N. Hamp. Rep. 229,] it is said, in some cases a public officer may forfeit the protection of the authority under which he acts, by an abuse, which consists in a mere non-feasance, as is the case when a sheriff who has made an arrest, or a seizure of goods by virtue of *mesne* process, neglects to return the process. And the same rule is recognized in Parker v. Pattee, [4 N. Hamp. Rep. 530,] but the court say that it can rarely have any practical application in the system of jurisprudence prevailing in that State; and, if the question whether such rule should be adopted, were for the first time presented, it is not unlikely that it might be answered in the negative. So in Oystead v. Shed, et al, [12 Mass. Rep. 511,] one of the questions was, whether a person who had acted as the servant of the sheriff under *mesne* process, could justify when the writ was not returned. The court said, "if a stranger comes in aid of an officer executing legal process, and the officer afterwards omits to return the writ, or by any other subsequent abuse of his authority, becomes a trespasser *ab initio*, this shall not prejudice the stranger, nor make him a trespasser. The same principal applies to bailiffs, who serve a writ by virtue of a precept from the sheriff. If such writ be not duly returned by the sheriff, he is a trespasser, but the bailiff is not punishable." See also Purrington v. Loring, [7 Mass. Rep. 388.] Although these cases do not expressly declare the existence of the rule in Massachusetts, yet they impliedly recognize it, and in Plummer v. Dennett, [6 Greenl. Rep. 425,] the Supreme court of Maine lay down the law in

equivalent terms. See also Coburn v. Hopkins, 4 Wend. Rep. 577,9; Beals v. Guernsey, 8 Johns. Rep. 52; Hopkins v. Hopkins, 10 Id. 372; Gardner v. Campbell, 15 Id. 400.]

The cases cited shew the rule as stated, to be too firmly set-tled to authorise us to refuse its recognition. When restricted in its application to the officer charged with the return of the process, it can be productive of no injury or inconvenince. But even in such cases we will not say, that it would not be allowable for the officer to excuse the return of a writ by alleging its loss, or something, the effect of which would be to prevent its return, without the fault of the party charged with that duty. [See Coburn v. Hopkins, 4 Wend. Rep. 577 9; Parker v. Pattee, 4 N. Hamp. Rep. 530.] But in the present case, the pleas neither allege the return of the attachments, or attempt to excuse the neglect.

Taking the pleas we are considering without the implication of something not alleged, and they do not show that the attachments were valid as legal process. It is not averred that they were made returnable to the county or circuit court, to which alone they could be. If they were not returnable to either of these courts, they must have been irregular, could not have been proceeded on to judgment, and consequently did not warrant the action of the sheriff. A plea professing to justify under the authority of process should set forth matter, which if true, would bar the action. To conform to this rule, it should, in addition to other material averments, substantially describe the writ. In this view, both the objections of the plaintiff to the pleas are well taken.

2. A *departure* in pleading is said to be, when a party quits or departs from the case or defence which he has first made, and has recourse to another; it occurs when the replication or rejoinder, &c., contains matter not pursuant to the declaration or plea, &c., and which does not support or fortify it. One reason why a departure in pleading is never allowed, is, because the record would by such means be spun out into endless prolixity; for he who has departed from, or relinquished his first case or plea, might resort to a second, third, and so on *ad infinitum;* he who had a bad cause would never be brought to issue, and he who has a good one, would never obtain the end of his suit. [1 Chitty's Plead. 7th Am. ed. 681; Co. Lit. 304, a; 2 Saund. Rep. 84, n. 1; 6 Com. Dig. tit. Pleader, F. 7, 8, 9, 10, 11, and the cases cited by these authors.]

McAden v. Gibson.

It is needless to extend this opinion by the citation of cases to show, that the rejoinder does not pursue and fortify the defence set up by the pleas. This is sufficiently shown by the definition of a *departure*. The pleas are an attempt to justify under attachments issued, it is true, at the suit of the plaintiff, but on a different day and for a different amount. In fact it is conceded, that the rejoinders do not rely on the same process to defeat a recovery, as that which is insisted on by the pleas.

The defendant's demurrer to the plaintiff's sur-rejoinder, according to the settled practice, should have been visited upon the first defect in the pleadings. The replications answer the pleas, by denying that the slaves in controversy were the property of the defendant in the attachments, and that a demand had been made of the defendant in this action, before he levied the same. This latter allegation was, perhaps, unnecessary, but not fatal; we are, however, by no means sure, that the plaintiff should not have reaffirmed his right of property; the mere denial that the slaves did not belong to the *Rail Road Company*, not being equivalent to an allegation that he is their owner. But be this as it may, the rejoinder is for the reasons already stated, bad on *general demurrer*. [See 6 Com. Dig. tit. Pleader, F. 10; 2 Saund. Rep. 84, n. 1, and cases there cited; 1 Chitty's Plead. 7 Am. ed. 686, and cases there cited.]

3. The circuit court also erred in ordering the plaintiff to be non-suited. Whether such a disposition of a cause is not allowable where the plaintiff refuses or neglects to proceed with the pleadings so as to put the case in a condition for trial, it is unnecessary to determine. It appears from the record in this case, that the general issue had been pleaded, and it was competent for the plaintiff to have submitted his case to the jury on that plea, without even adding a formal *similiter*. The plaintiff then, should have been permitted to go to trial had he so elected, and should not have been non-suited, unless he declined proceeding to try his case on the general issue.

Whether the defendant can justify the detention of the slaves under process levied after the commencement of the plaintiff's action, or whether, without reference to such process, he may show that the plaintiff has no title unconnected with the Rail Road Company, are questions not directly presented by the record, and will not now be considered.

44

The consequence of what we have said, is, that the judgment must be reversed, and the cause remanded.