WILLIAM P. HOOKER *v.* ADNAH SMITH, BENJAMIN B. BROWN, GEORGE W. CHURCH, HENRY SEYMOUR AND PAUL A. REED.

A defective conclusion of a replication can only be reached by special demurrer.

Where a declaration contains several counts, the court, on demurrer to the replication, will only notice defects in those counts to which the replication applies.

Hooker *v.* Smith et al.

When the original act of an officer, in the execution of civil process, is unlawful, those aiding him in the performance of it will be trespassers, though they act by his command.

In this case a sheriff arrested a debtor on execution, by breaking open the outer door of the defendant's dwelling house; and it was held, that those who aided the sheriff in so doing were trespassers, though they acted by his command.

TRESPASS. In the second and third counts in the declaration the plaintiff alleged, that the defendants made an assault upon him and took him from his dwelling house, and kept him imprisoned, without reasonable cause, in the common jail in the county of Addison for a long space of time.

To these counts the defendants pleaded, in substance, that the defendant Smith, at the time of the committing of the supposed trespasses, was sheriff of the county of Addison and had in his hands a writ of execution in favor of one Goodrich, describing it, by which he was duly commanded to arrest and commit to prison the body of the plaintiff; that Smith, as sheriff, commanded the other defendants to assist him in executing said writ; and that the defendants, by virtue of said writ, arrested the body of the plaintiff and took him from his dwelling house and committed him to the common jail in said county;—which the defendants averred were the same trespasses charged in the second and third counts in the plaintiff's declaration.

To this the plaintiff, protesting that the writ of execution mentioned in the plea was not made out and issued as therein alleged, replied, that, at the time of the committing of the alleged trespasses, the plaintiff was possessed of a dwelling house, in Middlebury, in which he then lived, with his family, and in which he then was, and that the defendant Smith, having the said writ of execution in his possession, and the other defendants, acting under his command and directions, entered the said dwelling house by forcibly breaking open the outer door of the same, which was then closed and secured, without the leave or license of the plaintiff and against his will, for the purpose and with the intent to execute the said writ of execution within the said dwelling house by arresting the body of the plaintiff, and that, having broken and entered the said dwelling

house, with the intent aforesaid, they, of their own wrong, seized and assaulted the plaintiff and took him from his dwelling house and committed him to the jail in the county of Addison, as alleged in the declaration; and the replication concluded with a prayer for judgment, and for the damages, by the plaintiff sustained by reason of the committing the trespasses in the *second* count in his declaration mentioned, to be adjudged to him;—but in all other respects the replication referred to the second and third counts.

To, this replication the defendant demurred; and the county court,—Bennett, J., presiding,—adjudged the replication sufficient. Exceptions by defendant.

*E. J. Phelps* and *E. N. Briggs* for defendant.

1. The assistants of the defendant Smith, the sheriff, acting under his command, may justify under his authority, although he exceeded his authority when they did not participate in his unlawful act. Ham. N. P. 64.

2. The replication is bad, as it answers a plea applying to the second and third counts in the declaration, but prays judgment only of the second count.

3. The declaration is bad, the value of the property destroyed being alleged to be $25,00. *Clark* v. *Stoughton et al.*, 18 Vt. 50. This allegation is material; Gould's Pl. 187.

*E. D. Barber* and *C. Linsley* for plaintiff.

1. Under the circumstances of this case the arrest and imprisonment of the plaintiff were illegal, and all the proceedings of the officer were void. *Ilsley* v. *Nichols*, 12 Pick. 270. *State* v. *Hooker*, 17 Vt. 658.

2. The assistants can stand upon no better ground than the sheriff. No person is required by law to do an illegal act, although commanded so to do by a public officer; and he is as much bound to know the law in that, as in any other case. The sheriff can impart no higher power, than he has himself. 1 Vt. 81. 6 Mod. 140. *Oystead* v. *Shed et al.*, 12 Mass. 506. *Elder* v. *Morrison*, 10 Wend. 125.

20

The opinion of the court was delivered by

HALL, J. It is objected in behalf of the defendants, that the replication prays judgment upon the second count, only, of the declaration, whereas the plea, to which it applies, is an answer to both the second and third counts; and that the replication is therefore bad. This defect is found in the replication; but the replication in every other respect covers both counts; and it is laid down in 1 Chit. Pl. 643, that a defective conclusion of a replication can only be reached by special demurrer. This is believed to be the acknowledged rule; and as the demurrer in this case is general, the objection is deemed not to be well taken.

An objection was also made in the argument to a supposed defect in the declaration; but as that defect is found to exist only in the first count, to which the pleadings now before the court do not apply, it is unnecessary to notice it farther.

The principal question in the case arises upon the legal effect of the facts set forth in the pleadings. It has been held by this court, in the case of *State* v. *Hooker*, 17 Vt. 658, upon an indictment founded on the same transaction detailed in the pleadings, that the breaking open of the door of the dwelling house by the sheriff, to serve the process, was not only illegal, but that, after the breaking into the house, the defendant in the execution was justified in forcibly resisting the officer in executing the process. It is conceded in the argument, that the sheriff himself could not justify under the pleadings in the case; but it is insisted, that his assistants stand in a different position, that they were obliged by law, when called upon by the sheriff to give him their aid, and that, having acted by his command, they are justified, though he might not be.

It is doubtless true, that a sheriff may be held guilty of a trespass, while those who were acting by his command might be thereby excused. If the act itself be in the first instance lawful, but becomes a trespass *ab initio* by some subsequent misconduct of the sheriff, as for not returning the writ, it would be obviously unjust to hold the assistants liable for such constructive trespass. And there are probably other cases, where the command of the sheriff would be a defence to those aiding him, though the sheriff himself might not be justified. The sheriff, for the suppression of riots and the preservation of the peace, and for apprehending a person for violating the

peace, or for any other criminal matter, or cause, is specially im-powered by statute to require suitable aid and assistance. Rev. St., c. 11, §§ 10, 11; c. 98, §§ 2–9. These statutes seem to be only in affirmance of the common law, by which the sheriff might raise the *posse comitatus*, or, in other words, such a number of the men of the county as were necessary for his assistance in the execution of the King's writs, quelling of riots, apprehending traitors, robbers, &c.; Bac. Ab., Sheriff N 2.

It is said by a very accurate elementary writer, that, in the arrest of a party for crime, those who obey the sheriff's command will be thereby justified, though the sheriff himself might be acting without authority. Ham. N. P. 63–65. If those who are called to his aid are bound to obey, without inquiring into the sheriff's authority, such doctrine would seem reasonable; and perhaps the same rule would apply here, where the case arises under the provisions of the statute which have been mentioned.

The statute of this state also contains a provision applicable to the service of *civil* process. Where great opposition is made to the service of any lawful writ, or precept, the sheriff is authorized, *by and with the advice of two justices of the peace*, to raise all or any part of the militia of the county to aid and assist him; and in such case the officers and soldiers of the militia are made liable to a fine, for neglecting to obey the call of the sheriff. Rev. St., c. 11, §§ 12–14. It would seem to be a harsh proceeding, to hold that the soldiers, in such case, should be made liable as principals in a tres-pass, if the doings of the sheriff should be held unlawful. Probably the command of the sheriff would be their sufficient justification.

These are believed to be all the statutory provisions applicable to persons acting in aid of a sheriff; and it is observable, that none of them reach the case of these defendants. The sheriff, in this case, was not acting in his character of general conservator of the peace, or in the arrest of a party for crime, where special authority is given him to command assistance,—nor were the defendants aiding him as a part of the militia of the county; but they were merely called in-dividually to his aid, in the service of a writ of execution,—a civil process. It appears, also, that the defendants knew, at the time, that the sheriff was acting under a *civil* process. In their plea in bar they describe it particularly, and say that the sheriff requested

them to assist him in executing it; and in the replication, the truth of which is admitted by the demurrer, it is stated, that the defendants entered the plaintiff's dwelling house, by forcibly breaking open the outer door, *for the purpose and with the intent* to execute therein the writ of execution by arresting his body. With the full knowledge that the sheriff was about to do an illegal act, they united with him in committing it; and we think they must share with him in its consequences. A contrary doctrine would enable a sheriff, under color of a civil process, to add to his own physical power, to accomplish an illegal object, the power of a lawless, but wholly irresponsible, mob.

The doctrine now held, that, where the original act of the officer in the service of civil process is unlawful, those aiding him in the performance of it will be trespassers, though they act by his command, is fully sustained by the cases of *Oystead* v. *Shed*, 12 Mass. 511, and *Elder* v. *Morrison*, 10 Wend. 128, which were cited in the argument.

The judgment of the county court is therefore affirmed.