## BROWN ET AL. v. BISSETT.

In replevin the defendant (using the form of a cognizance), avowed the taking of the goods and chattels, &c., by virtue of an attachment, out of the County Circuit Court, against certain non-resident debtors, averred that the said goods were the goods of the said debtors, and not of the plaintiffs, and prayed a return. On special demurrer, *held*,

1. That the Circuit Court has jurisdiction of attachments under the statute, against absconding and non-resident debtors.

2. That the form should have been that the defendant *avowed*, and not that he made cognizance; but that the mistake was immaterial.

3. That it is sufficient for the Sheriff in pleading to show facts sufficient to bring himself within the provisions of the statute, without setting it forth.

4. That the interest of one partner in the partnership property, may be attached in the hands of his co-partners for his separate debts, subject to partnership debts.

5. That a second attachment at the suit of other plaintiffs, and for another cause of action, may issue, pending the first.

6. That the sheriff or other principal officer who justifies under mesne process after the day of return, must shew a return.

7. That process regular on its face, will in most cases be a sufficient protection to the officer. But that in replevin, when the defendant does not seek simply to justify a trespass, but sets up a right and seeks to have a return, he ought to shew a good title *in omnibus*. He must therefore shew the foundation of the writ.

Demurrer to pleas. Argued before the CHIEF JUSTICE, and Justices CARPENTER and RANDOLPH.

This was an action of replevin brought to recover a large amount of goods and merchandize seised and taken by the defendant, who was the Sheriff of the county of Middlesex. The declaration is in the usual form. The defendant pleaded thereto as follows, viz:

" And the said Asher Bissett, by V. D. his attorney, comes and defends the wrong and injury when, &c. and as the Sheriff of the county of Middlesex, in the state of New Jersey, *well acknowledges* the taking of the said goods and chattels in the said declaration mentioned at the said place in which, &c. and justly, &c. because he says that at the time when, &c. and for a long time before, to wit, one year, he was the Sheriff of the said county of M., and that before the commencement of this suit, to wit,

on 22d August, 1845, a writ of attachment was duly and lawfully, and in due form of law issued out of and under the seal of the Circuit Court of the said county of M., at the suit of Charles A. Buckley, Ben. Graham, and Richard Hasbeck, junr. partners trading under the name and firm of Buckley, Graham, & Co., against David Morrell, which said writ of attachment was afterwards, to wit, on the day and year last aforesaid directed and delivered to the said defendant as Sheriff as aforesaid of the said county of M., in which said writ of attachment amongst other things the said defendant as Sheriff as aforesaid was commanded to attach the rights and credits, money and effects, goods and chattels, lands and tenements of the said D. M. whensoever they might be found in the said county, so that the said D. M. should be and appear before the said court on 28th August then next ensuing, to answer unto the said Charles A. Buckley and others trading, &c. of a plea of trespass on the case to their damage of $2000 ; and that afterwards on the said 22d August aforesaid, the said defendant by virtue of the said writ of attachment directed and delivered to him as aforesaid, and in obedience to its directions in a due and lawful manner, in all respects, attached the said goods and chattels in the said declaration mentioned, as the goods and chattels of the said D. M., and that the said goods and chattels at the time of attaching the same in manner aforesaid were in fact the goods and chattels of the said D. M., in connection with Horatio S. Morrell and David I. Morrell, who were then and there joint owners thereof with him the said D. M., and not the goods and chattels of the said plaintiffs as by the said declaration is above supposed, and that the said goods and chattels were in the possession of the said defendant as Sheriff as aforesaid by virtue of the said attachment at the time of the commencement of this suit, and at the time of replevying the said goods and chattels, to wit, at the place aforesaid, and within the jurisdiction of this court, and this he the said defendant is ready to verify, wherefore he prays judgment and a return of the said goods and chattels, together with his damages and costs according to the form of the statute in such case made and provided, to be adjudged to him, &c.

*2d Plea.* And by leave, &c. the said defendant, as Sheriff of the said county of M. further *well acknowledges* the taking of the said goods and chattels in the said declaration mentioned at the place aforesaid in which, &c. justly, &c. because he says that at the time when, &c. and for a long time before, to wit, for the period of one year, he was the Sheriff of the said county of M., and before the commencement of this suit, to wit, on 22d August, 1845, another writ of attachment was duly and lawfully and in due form of law issued out of and under the seal of the Circuit Court of the said county of M. at the suit of Thomas Garew and James J. Garew, partners trading under the name and firm of Garew & Co. against David Morrell, Horatio S. Morrell, and David J. Morrell, partners trading under the name and firm of Morrell & Co., which said last mentioned writ of attachment was afterwards, to wit, on the day and year last aforesaid, directed and delivered to the said defendant as Sheriff as aforesaid of the said county of M., in which said last mentioned writ of attachment, amongst other things, the said defendant as Sheriff as aforesaid was commanded to attach the rights and credits, moneys and effects, goods and chattels, lands and tenements of the said D. M., H. S. M., and D. J. M., partners trading, &c. whensoever they might be found in the said county of M. so that the said D. M. H., S. M., and D. J. M., partners trading, &c. should be and appear before the said Circuit Court on the fourth Tuesday in August then next ensuing, to answer unto the said T. G. and J. J. G., partners trading, &c. of a plea, &c. to their damage of $20,000, and that afterwards on the said day and year last aforesaid the said defendant by virtue of the said last mentioned writ of attachment directed and delivered to him as aforesaid, and in obedience to its directions, in a due and lawful manner in all respects attached the said goods and chattels in the said declaration mentioned as the goods and chattels of the said D. M., H. S. M., and D. J. M. trading &c., and that the said goods and chattels at the time of attaching the same in manner aforesaid were in fact the goods and chattels of the said D. M. H., S. M., and D. J. M., trading &c., and not the goods and chattels of the said plaintiffs, as by

the said declaration is above supposed, and that the said goods and chattels were in the possession of the said defendant as Sheriff as aforesaid, by virtue of the said last mentioned attachment at the time of the commencement of this suit, and at the time of replevying the said goods and chattels to wit, at the place and within the jurisdiction aforesaid, and this he the said defendant is ready to verify, Wherefore he prays judgment, and a return, &c.

In the third plea the defendant in the same form avowed the taking of the same goods under another writ of attachment issued out of the same Circuit Court on the 25th day of August 1845, at the suit of Charles N. Fearing and Peleg Hall, trading, &c. against the said David Morrell, Horatio S. Morrell, and David J. Morrell, trading &c., in a plea of trespass on the case upon promises for $12,000, &c.

The plaintiffs specially demurred to each plea. The causes of demurrer specially shewn will sufficiently appear from the opinions delivered.

*P. D. Vroom* for plaintiffs.

*J. Van Dyke* for defendant.

Opinion of the court delivered by

CARPENTER, J. The first cause of demurrer assigned, that the Circuit Court has not jurisdiction in case of attachments against the property of absconding or non-resident debtors, was properly abandoned by the counsel of the plaintiffs. This question must be considered as settled in this court.

It is shewn as cause of demurrer, that the defendant makes cognisance when he should have avowed. An avowry as distinguished from a cognisance, imports a taking in one's own right : a cognisance imports a justification under the authority of another. Undoubtedly the defendant has erred in the use of the form, but the mistake is immaterial. It was so held on error, in *Wheadon* v. *Sugg. Cro. Jac.* 373, where in making cognisance, "*bene advocat*," &c. instead of "*cognovit*," the exact reverse of the present case, was adjudged sufficient. We sup-

pose the objection may properly be disregarded, even on special demurrer.

Again, it was urged that the statute should have been stated under which the defendant acted. But it is a public statute, and therefore will be noticed judicially. It will be sufficient if the defendant has shewn facts to bring himself within its provisions. 2 *Saund.* 155 *n.* 6.

One case of demurrer shewn is peculiar to the first plea. It is, that the defendant has stated that he attached the goods as the property of David Morrell, while by the same plea he admits that the said goods at the time, &c. were in fact the goods and chattels of the said David Morrell, in connection with two others, who were then and there the joint owners, in connection with the said David Morrell: and that the property of several joint owners cannot be taken under and by virtue of a writ of attachment against one-joint owner. This is not an attachment against one of two partners, for a partnership debt, and therefore not within the principle of the cases cited by the counsel of the plaintiffs. It is against one non-resident debtor in which his joint interest in certain goods and chattels has been seised, which we do not doubt may lawfully be done under our statute. In *Curtis* v. *Hollingshead* (2 *Green's Rep.* 402), Chief Justice Hornblower, in delivering the opinion of the court, says: "Though the first section does not authorize an attachment against an absconding joint or partnership debtor for a joint or partnership debt, yet it does give an attachment against him for his separate debt; and on such attachment there can be no doubt but his interest in a joint or partnership property, subject to partnership debts (or in other words, what may be due to him on a settlement of a partnership or joint concern), may be attached in the hands of his co-partners or joint owners; and in respect thereof they would be considered and treated as garnishers." This is not a question as to the mode of levy in such case; nor is it now necessary to settle whether the Sheriff may take the joint property out of the hands of the other partners on an attachment against one for his separate debt. The question now is simply whether such interest may be taken on attachment for such separate debt, which may be done.

Again, it was urged as a special cause of demurrer to the third plea, that pending one attachment, another attachment cannot be issued out of the same court against the same defendants. When between the same parties, in the same county, and for the same cause of action, this court has quashed the second writ; there is no reason that there should be, at the same time, two attachments between the same parties, in the same county. 4 *Halst.* 58. But this is the case of a second attachment at the suit of other plaintiffs, and for another cause of action. The second writ may be necessary for the safety of the subsequent creditors. The first may not be executed ; if executed, yet possibly it may be set aside for some defect in the proceedings. We find no provision that bars such second writ, though the court will appoint auditors in the first only, because such appointment effects all that the law requires.

Another cause of demurrer, and which applies to each plea is, that the defendant does not shew that as Sheriff he *returned* the writ of attachment, and what that return is. Although otherwise in respect to writs of execution, yet with regard to mesne process, after the day appointed for the return, the Sheriff or the principal officer to whom the writ is directed, cannot justify under it, without shewing it actually returned. 1 *Saund.* 92 *note; Rowland* v. *Veale, Cowp.* 20; *Bayley J.* 10 *Bingb.* 192; *Oysted* v. *Shed,* 12 *Mass.* 511 ; *Cheasley* v. *Barnes,* 10 *East,* 73. This cause of demurrer, therefore, that the Sheriff does not shew a return, was well taken.

Lastly, another cause which also applies to each plea is, that it is not averred that the defendants in attachment were nonresident debtors—that it is not averred that the plaintiffs in attachment made and filed an affidavit pursuant to the statute—and that the plea does not shew that the said plaintiffs have in all things complied with the requirements of the act, &c. The pleas respectively state that a writ of attachment was duly and lawfully and in due form of law issued out of and under the seal of the Circuit Court of the county of Middlesex. The writ is specifically set out in the plea, and the gist of the objection is, that the authority to issue this writ is not shewn, and that the Sheriff cannot justify unless he shews to the court that the affidavit required by the statute was first duly made and filed.

If necessary to shew the foundation of the writ, certainly the requirement of the law is not complied with by the general averment that the writ was duly and lawfully issued.

In most cases process regular on its face will be a sufficient protection to the officer, though it is otherwise when used for the purpose of avoiding a sale under the statute of 13 *Eliz.*, in which case the officer must shew a good foundation for the process. Our statute in regard to attachments against absconding and absent debtors, requires the affidavit to be made and filed, but it does not require that it should be endorsed on the writ. The writ may therefore be regular on its face without such endorsement, and in trespass the Sheriff may ordinarily justify under it without shewing the affidavit. But there is a well settled distinction between a justification in trespass and an avowry in replevin. There is a difference when one claims by virtue of an authority to establish a right or control over the property or person of another, and when it is used defensively, and relied on as an honest excuse. In replevin, the Sheriff who avows, does not seek simply to excuse the trespass, but he is an actor, sets up a right, seeks to have a return, and ought to make a good title *in omnibus.* 1 *Saund.* 347 *note* 3 ; *Goodman* v. *Aylin, Yelv.* 148 ; *Matthews* v. *Carew,* 1 *Salk.* 107 ; *Rogers* v. *Birkmire, Cas. Temp. Hardw.* 247 ; *Stephens* v. *Houghton,* 2 *Str.* 847 ; *Shaw C. J.* in *Sturbridge* v. *Winslow,* 21 *Pick.* 87 ; *Noble* v. *Holmes,* 5 *Hill,* 194; *Horton* v. *Hendershot,* 1 *Ib.* 118. The rule which justifies an officer, when acting under process regular on its face, notwithstanding it may be void as to the party, is one of protection merely. The officer may defend under such process, but he cannot build a title upon it. In avowry by an officer, the defendant then being an actor, claiming a right and praying for a return, and not setting up simply a justification, he must shew a foundation for the writ. Regarding these pleas as they have been treated on the argument by counsel, we have come to the conclusion that this cause of demurrer is also well taken.

Unless the defendant shall ask leave to amend, judgment will be entered for the demurrants.

The CHIEF JUSTICE, and Justice RANDOLPH concurred.

Justices NEVIUS and WHITEHEAD did not hear the argument and expressed no opinion.

CITED *in Brown* v. *Bissett,* 1 *Zab.* 273; *Allen & Vail* v. *Agnew,* 4 *Zab.* 444–446–447 ; *Linford* v. *Linford & Lent,* 4 *Dutch.* 116.