## ROBERTS v. ALBRIGHT.

Replication demurrable if it does not traverse the material allegations of the plea.

A nonsuit for failing to reply to pleas, when an issue in fact is joined on another plea is erroneous.

### Error to Henry District Court.

*Opinion by* WILLIAMS, C. J. This is an action on the case for a libel, commenced in the district court of Lee county. Venue changed to Henry, and trial at May term, 1847. Defendant filed his plea of general issue, and thirteen special pleas. Plaintiff demurred to each. The court sustained the demurrer to all the defendant's pleas, except numbers five, seven and eleven. Plaintiff filed replications to said pleas. Whereupon defendant filed his demurrer to the replications. The court sustained the demurrers to replications to fifth and eleventh pleas, and overruled that to the replication to the seventh plea. The plaintiff failing to reply to the fifth and eleventh pleas, the court rendered a judgment of nonsuit.

The plaintiff in error has filed the following assignments of error: 1. The court erred in sustaining the defendant's demurrer to plaintiff's replications to fifth and eleventh pleas. 2. The court erred in rendering judgment of nonsuit against plaintiff on the entire case, while issues re-

mained on plea of general issue. The certified record is in a confused and irregular condition, so that it is with much difficulty that this court can arrange it for a satisfactory examination. The replications to the fifth and eleventh pleas, we think were properly demurrable, as they were not in fact responsive; they did not directly traverse the material allegations of the pleas so as to form a perfect issue; but as the case must be reversed upon the second assignment of error, we do not deem it necessary, to discuss this point at large. We will only say, that the pleas were upon demurrer, declared good by the court. They contravene several matters, part of which were of record, and some of fact, *dehors* the record, all of which should have been specially denied or traversed by the replications. 1. All the material allegations in the pleas, should have been denied. In the case at bar, the pleas set out particular facts in answer to the declaration, and the plaintiff replies by a conclusion or inference of law. This is not allowable, as no issue of fact is thereby made for the jury.

2. It is objected that the demurrer to the replication to the seventh plea was overruled, and a judgment of nonsuit rendered against the plaintiff, while there was an issue pending on the seventh plea. This could not be legally done. The issue was for the jury, and could not have been so disposed of. Judgment for the defendant should have been entered, upon sustaining his demurrer to pleas five and eleven, upon failure of plaintiff to reply to them. But the remaining issue of fact made by plea number seven, and the replication thereto, should have been tried. *Hereford* v. *Crow*, 3 Scam. 425; *McAden* v. *Gibson*, 5 Ala. 341.

Judgment reversed.

*D. Rorer* and *H. W. Starr*, for plaintiff in error.

*J. C. Hall* and *Geo. C. Dixon*, for defendant.